**GMS Management Co., Inc.,**
v.
**Cline**
*[Cite as 6 AOA 335]*

*Case No. 89-L-14-141*
*Lake County, (11th)*
*Decided August 10, 1990*

*William W. Weaver, 4139 Erie Street, Willoughby, Ohio 44094, for Plaintiff-Appellant.*

*James Cline, Pro se, 34742 Lakeshore Blvd., Suite 107A, Eastlake, Ohio 44095, Defendant-Appellee.*

*Karen Hensley, Pro se, 34742 Lakeshore Blvd., Suite 107A, Eastlake, Ohio 44094, Defendant-Appellee.*

CHRISTLEY, P.J.

This is an accelerated calendar case.

In August 1989, appellant, GMS Management Company, initiated an action in the Willoughby Municipal Court against appellees, James Cline and Karen Hensley. Under its first cause of action, appellant sought immediate possession of an apartment which it had leased to appellees in July 1988. The complaint alleged that appellees still had possession of the apartment, even though the lease had expired.

Under its second cause of action, appellant alleged that appellees had failed to pay any rent covering the month of August. Accordingly, appellant also sought damages "in the amount of $13 per day, for each day the defendants use and occupy the premises, from and after August 1, 1989, plus costs of this action and reasonable attorney fees."

On August 28, an abbreviated hearing was held before the trial court. Appellee Hensley was not present. At that time, counsel for appellant stated that the parties had reached a settlement, and that an appropriate judgment entry would be submitted to the court.

On October 6, the trial court issued a judgment, dismissing appellant's complaint for lack of subject matter jurisdiction. As to the settlement question, the court held that the proposed entry did not address all of the claims, and thus could not be approved. As to the grounds for the dismissal, the judgment stated:

"The Court further finds that the complaint is for an unspecified amount of damages to accrue from August 1, 1989 into the future, together with a claim for attorney fees in an unspecified amount. The Court's monetary jurisdiction is limited by O.R.C. § 1901.17 and for that reason, the Court does not have jurisdiction over the complaint."

On appeal to this court, appellant has assigned the following as error:

"The trial court erred in dismissing appellant's complaint and in not approving the settlement entry provided, because the court's monetary jurisdiction was not exceeded."

As a preliminary matter, appellant maintains that the trial court erred in not approving the submitted entry concerning the settlement. Appellant asserts that the entry was proper, since it dealt with both causes of action. As to this matter, this court would simply note that the proposed entry is not included in the record before us. Thus, appellant's contention cannot be addressed.

Under its sole assignment, appellant contends that the trial court erred in dismissing its complaint for lack of subject matter jurisdiction. Appellant argues that its prayer for money damages was sufficiently definite for the trial court to determine that the requested recovery would be within the jurisdictional limit. This argument has merit.

The monetary limit for a municipal court is set forth in R.C. 1901.17. This statute provides, in pertinent part:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars.

"Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for the detention of personal property, or costs accrued after the commencement of the action."

As noted earlier, appellant's prayer for relief under its second cause of action requested reasonable attorney fees and damages covering the rental value of the apartment during the period in which appellees had unlawful possession. In dismissing the complaint, the trial court found that both of these amounts were "unspecified." Because of this, the trial court held that the monetary requirement had been satisfied.

In relation to the attorney fees, this court has recently held that this sum should not be considered in determining whether the relief sought is greater than the $10,000 jurisdictional limit. *GMS Management Co., Inc. v. Ostrow* (Nov. 17, 1989), Lake App. No. 88-L-13-138, unreported. This holding was based in part on the proposition that attorney fees are considered part of the costs of an action. Thus, whether the amount was specified or not, the trial court erred in including attorney fees as part of appellant's request for damages.

As to appellant's prayer for damages, it should first be noted that the request in the complaint was sufficient to satisfy the Civil Rules. In *Fraternal Order of Police v. Willowick* (Sept. 12, 1986), Lake App. No. 11-085, unreported, this court held that Civ. R. 54(C) does not require that a monetary request be stated as a specific dollar figure. Instead, the rule only requires that the awarded figure not be greater than the requested amount.

In that case, plaintiff sought the difference between the amount they were actually paid and the amount to which they were entitled.

Appellant's request in this case is equally definite. Although the exact amount will not be known until after the case is settled and the premises are vacated, appellees know that the total amount of damages will be equal to the number of hold-over days times $13.

Notwithstanding that appellant's request for damages was sufficient to satisfy Civ. R. 54(C), the question still remains whether a municipal court should automatically dismiss a complaint when an exact monetary figure has not been given. Research on this point has failed to reveal any precedent in this state on this issue.

In comparison, many federal courts have held that an action should not necessarily be dismissed because it is difficult to immediately determine the exact amount of damages the plaintiff might subsequently be entitled. These courts have held that if there is a reasonable probability that the applicable jurisdictional amount will be met, the case should be heard. 32A American Jurisprudence 2d (1982) 758, Federal Practice and Procedure, Section 1706. Such a determination will obviously be based upon the allegations contained in the complaint.

While this authority is not binding in this jurisdiction, the logic supporting it is persuasive. A plaintiff should not be penalized simply because he cannot immediately calculate the amount of his damages. This is especially true when the prayer for relief satisfies the requirements of the Civil Rules.

In this case, appellant sought $13 for every day that appellees had illegal possession of the apartment. If it is ultimately found that $13 per day is the proper amount, then appellees would have to hold the apartment for over a year before the jurisdictional limit would be exceeded. Considering the nature of a forcible entry and detainer action, the likelihood of that occurring is extremely slight. Thus, the trial court clearly abused its discretion in dismissing this action for lack of subject matter jurisdiction.

This case is reversed and will be remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and remanded.*

MAHONEY, J., and PRYATEL, J., concur.

PRYATEL, J., retired, sitting by assignment.